UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ANTONIO VALLIN BRIDGES,

        Petitioner,               Case No. 1:16-cv-1269

v.                                         Honorable Janet T. Neff

JOSEPH BARRETT,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a term of 2 ½ to 10 years at the West Shoreline Correctional Facility in Muskegon County, imposed by the Ingham County Circuit Court on December 1, 2015, after pleading guilty to three counts of false pretenses to obtain $1,000 or more but less than $20,000, MICH. COMP. LAWS § 750.218(4)(a). In his original *pro se* petition, Petitioner raises the following ground for relief:

    I.    The state trial court used inaccurate information and relied on the information to impose sentence.

(Pet. 7, ECF No. 1, PageID.6.) Respondent has filed an answer to the petition (ECF No. 23) stating that the ground for relief should be denied because it is unexhausted. Upon review and applying the AEDPA standards, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Procedural History**

    A.    **Trial Court Proceedings**

Petitioner was accused of obtaining checks through fraudulent means from several individuals during the period between June 16, 2015, and July 3, 2015. He was charged with three counts of false pretenses – $1,000.00 or more but less than $20,000, MICH. COMP. LAWS § 750.218(4)(a) as well as two counts of using a computer to commit a crime, MICH. COMP. LAWS § 752.797(3)(d). He was bound over for trial on the charges on September 11, 2015.

On December 1, 2015, Petitioner pleaded guilty to the three counts of false pretenses and admitted to being an habitual offender - third offense, MICH. COMP. LAWS § 769.11. (Plea Tr. 20-25, ECF No. 21-2, PageID.123–128.) In exchange for the plea, the prosecutor dismissed the charges for using a computer to commit a crime. The parties also agreed that Petitioner's minimum sentence would not exceed thirty months. Petitioner summarized the factual basis for his plea in his brief to the Michigan Court of Appeals:

> Defendant pretended that he was the landlord of 5009 Devonshire Avenue. He made up 3 false leases, and leased that property to 4 different tenants. The property was in foreclosure and vacant. He took money orders from these individuals and cashed them. In the case of each fraudulent lease, the amount received by the defendant as the 1st month's rent and security deposit was greater than $1000.

(Def.-Appellant's Br. on Appeal, 1-2 ECF No. 21-4, PageID.165–166) (internal citations omitted.) At the sentencing hearing held on December 15, 2015, the trial court sentenced Petitioner to concurrent sentences of 2 ½ to 10 years with 138 days of credit. (Sentencing Tr. 16-17, ECF No. 21-3, PageID.150–151.)

On May 12, 2016, Plaintiff filed a pro per motion to withdraw his plea and correct sentence. The trial court stated it was unable to review the motion or grant the requested relief

because Petitioner had obtained appellate counsel and his delayed application for leave to appeal was then currently pending. (5/16/16 Cir. Court Order, ECF No. 21-5, PageID.263–264.)

### B. Direct Appeal

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. His brief, which was filed by counsel on April 18, 2016, raised the following claim:

> IS MR. BRIDGES ENTITLED TO RE-SENTENCING, BECAUSE THE TRIAL COURT ERRED IN SCORING OV 19 WITH 10 POINTS, WHICH INCREASED THE GUIDELINES SENTENCE RANGE?

(Def.-Appellant's Br. on Appeal, iii, ECF No. 21-4, PageID.164.) On June 8, 2016, the Michigan Court of Appeals denied Petitioner's application for lack of merit in the grounds presented. (*See* 6/8/16 Mich. Ct. App. Order, ECF No. 21-4, PageID.157.) Thereafter, Petitioner filed a motion for reconsideration and a Standard 4 brief, in which he raised the following additional claim:

> The Defendant is entitled to withdraw his plea because the Court *Cobb's* evaluation and plea agreement is based upon inaccurate information that is a violation of Federal and State Due Process clauses.

(Mot. For Recons. 3, ECF No. 21-4, PageID.227.) Before the Michigan Court of Appeals ruled on Petitioner's motion for reconsideration, Petitioner filed an application for leave to appeal to the Michigan Supreme Court. Petitioner raised the same claim raised by his counsel to the court of appeals as well as the issue raised in his motion for reconsideration and Standard 4 brief. (ECF No. 21-5, PageID.251–258.) Next, while both his motion for reconsideration before the court of appeals and application to the state supreme court were pending, Petitioner filed a motion to remand in the Michigan Court of Appeals. The Court of Appeals returned the motion to remand as untimely, noting that if his motion for reconsideration was granted he could resubmit the motion to remand.

(7/6/16 Mich. Ct. App. Letter, ECF No. 21-4, PageID.237.)  On August 5, 2016, however, the court of appeals denied Petitioner's motion for reconsideration.  (8/5/16 Mich. Ct. App. Order, ECF No. 21-4, PageID.248.)  Thereafter, by order entered October 26, 2016, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was not persuaded that the questions presented should be reviewed.  (*See* Mich. Order, ECF No. 21-5, PageID.250.)  Petitioner did not seek certiorari in the United States Supreme Court.

### C. Post-conviction relief

Petitioner did not seek collateral review in front of the trial court before filing his habeas petition.  Instead, Petitioner filed the instant petition on September 19, 2016,[1] raising the single ground for habeas relief quoted above.[2]  On December 1, 2016, this Court ordered Respondent to file an answer or other pleading.  (ECF No. 11.)  Later that month, on December 27, 2016, Petitioner filed an amended petition.  The amended petition does not appear to be complete as it contains only one ground for relief, which is listed as "ground two," and appears as follows:

> II.   The Petitioner['s] plea agreement render[s] the plea involuntary.

(Am. Pet. 7, ECF No. 15, PageID.49.)  Petitioner has also filed a motion to further amend/correct this amended petition, claiming that he subsequently received transcripts from the trial court and that:

> [U]pon review of the now complete record the Petitioner has discovered that the main issue is ineffective assistance of appellant counsel and the Petitioner's plea was involuntary under the Federal

---

[1] Thus this petition was filed even before the Michigan Supreme Court denied his application for leave to appeal.

[2] Petitioner has not raised the sentencing scoring claim in his habeas petition.

>Due Process Clause because the plea agreement was unknow[ing] and induce[d] by the court's misrepresentations.

(1/23/17 Mot. To Am., ECF No. 18, PageID.61.)  Respondent has filed an amended response, addressing only the ground raised in Petitioner's original habeas petition and contending that Petitioner has failed to exhaust this claim.  (ECF No. 23.)

### Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66, *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner raised his ground for habeas relief for the first time in his motion for reconsideration in the Michigan Court of Appeals.  Courts in this district have persuasively held that

such does not satisfy the "fair presentation" requirement. *See, e.g.*, *Acker v. Palmer*, No. 1:06-cv-766, 2006 WL 3257087, at *2-3 (W.D. Mich. Nov. 9, 2006) (citing *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1-2 (6th Cir May 17, 1996) and *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

Furthermore, presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007); *Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (6th Cir. Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *Hafley*, 902 F.2d at 483; *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990); *but see Ashbaugh v. Gundy*, 244 F. App'x 715, 717 (6th Cir. 2007) (declining to reach question of whether a claim raised for the first time in an application for leave to appeal to the Michigan Supreme Court is exhausted). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed. As such, Petitioner has failed to properly exhaust this ground for relief. Additionally, it is patent that Petitioner has failed to exhaust

the additional grounds raised in ECF Nos. 15 and 18 because they have not been presented before the state appellate courts.

Petitioner appears to acknowledge as much but, through motion, seeks to invoke the exceptions to the exhaustion requirement where "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(B)(i)-(ii). As a prudential rule, exhaustion is required unless "special circumstances" exist. *Granberry v. Greer*, 481 U.S. 129, 134-136 (1987)*; see also Hafley*, 902 F.2d 480; *Weaver v. Foltz*, 888 F.2d 1097 (6th Cir. 1989). Here, Petitioner claims that his grounds for relief "are not exhausted because the trial court refused to rule on the petitioner['s] in pro per claims and the Michigan Court of Appeals [did] not accept [the] application for leave filed in pro per when the petitioner['s] counsel file[d] an appellant brief for leave." (Mot. to Excuse the Exhaustion Requirement, 1-2, ECF No.17, PageID.54–55.) But these allegations hardly demonstrate "special circumstances" excusing his failure to exhaust. The issue raised in Petitioner's pro per brief was raised for the first time before the court of appeals in his motion for reconsideration. That his motion was denied is hardly grounds to excuse exhaustion. Accordingly, exhaustion of available state remedies should be required in this case.

Moreover, state remedies are still available to the Petitioner. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). It appears Petitioner has filed a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* in the trial court which was denied on January 9, 2017. (ECF No. 21-1, PageID.99.) In order to properly exhaust his claim, however, Petitioner

must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66. It does not appear Petitioner has yet done so.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 26, 2016. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 24, 2017. Accordingly, absent tolling, Petitioner would have one year, until January 24, 2018, in which to file his habeas petition.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[3] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.[4] The instant case

---

[3] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

[4] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

does not present a mixed petition because none of Petitioner's claims are exhausted. It is unclear whether *Palmer* applies to a "non-mixed" petition. Assuming *Palmer* applies, Petitioner has more than sixty days remaining in the limitations period, and, thus, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted.

## **Pending Motions**

Petitioner has filed several motions. For reasons stated more fully below, the Court will deny these motions.

### A.     **Motion to Compel Respondent to Order Transcripts (ECF No. 16)**

Petitioner requests that the Court order Respondent to provide him the transcripts from his pretrial hearing. The transcript requested in this motion does not appear in the Rule 5 materials submitted by Respondent. Rule 5 of the RULES GOVERNING SECTION 2254 CASES vests the court with the authority to order Respondent to submit those state court materials it deems necessary to properly review the case. The Court has reviewed Petitioner's motion and does not find the pretrial transcript necessary to the disposition of Petitioner's case. Accordingly, this motion will be denied. The Court will note, however, that it appears from the Ingham County docket sheet that the trial court ordered Petitioner be provided a copy of the pretrial hearing transcript on January 3, 2017. Thus he has obtained the relief he requested.

### B.     **Motion to Excuse Exhaustion (ECF No. 17)**

For reasons stated above, this motion is denied as Petitioner has an available state-court remedy and no special circumstances warrant an excuse from the exhaustion requirement.

### C.     Motion to Amend / Correct (ECF No. 18)

In this motion, Petitioner seeks to further amend his amended petition to add an additional, unexhausted, claim for ineffective assistance of counsel. This motion will be denied as moot. Petitioner will have an opportunity to raise this claim in a new petition after exhausting his state remedies.

### D.     Motion for an Evidentiary Hearing (ECF No. 19)

Petitioner seeks an evidentiary hearing to further develop the record on the unexhausted claim that the plea agreement was based on inaccurate information. (ECF No. 19.) The decision whether to order an evidentiary hearing to settle disputed issues of material fact is discretionary with the Court. *See* Rule 8(a), RULES GOVERNING § 2254 CASES (directing judge to make determination of whether evidentiary hearing is required); *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001). "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Stanford*, 266 F.3d at 459 (quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir. 1994)). "'[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing.'" *Id.* (quoting *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991)); *see also Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). In the opinion of the undersigned, Petitioner has not raised a sufficient factual dispute that could justify a need for an evidentiary hearing on this unexhausted claim.

### E. Motion for Release or Release on Bond (ECF No. 24)

Finally, Petitioner seeks release pending review of his habeas petition. The ability of a habeas petitioner to seek bond before adjudication of his habeas corpus claim is not firmly established in this circuit. In *Sizemore v. District Court*, 735 F.2d 204 (6th Cir. 1984), the Court of Appeals disapproved release of a habeas petitioner prior to a determination of the merits of the petition. The court indicated that the district court may release a petitioner on bail "upon *granting* the writ." 735 F.2d at 208 (emphasis in original). In a later case, *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990), the Court of Appeals recognized situations in which the district court may grant bail pending a decision on the merits of a habeas corpus petition. The *Dotson* court indicated, however, that the power to release a petitioner on bond must be exercised sparingly and only in the presence of exceptional circumstances. 900 F.2d at 79. In light of this more recent pronouncement of the Court of Appeals, this Court concludes that release of a habeas petitioner before adjudication of the petition is available in this circuit, but only in exceptional circumstances.

Under *Dotson*, the petitioner seeking release on bond "must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of some 'circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice.'" 900 F.2d at 79 (quoting *Aronson v. May*, 83 S. Ct. 3, 5 (1964) (Douglas, J., in chambers)). The habeas petitioner, who is incarcerated under a presumptively valid criminal conviction, is on a much weaker footing than a pretrial accused or even a convicted defendant waiting appeal. *See Ostrer v. United States*, 584 F.2d 594, 599 (2d Cir. 1978).

Applying the two-prong test in *Dotson*, this Court finds neither a substantial claim on the merits of the petition nor exceptional circumstances deserving special treatment in the interest

of justice. In his motion, Petitioner references an ineffective assistance of appellate counsel claim that was raised for the first time in his motion to amend. (ECF No. 15.) As noted above, Petitioner's claim here is premature, and must be pursued in the state courts.

### F. Emergency Motion For Bond (ECF No. 27)

Petitioner has also filed a motion entitled "Emergency Motion for Bond Expedited Consideration Requested." (ECF No. 27.) Release of a state prisoner pending consideration of the habeas corpus petition is reserved for the extraordinary case. *See Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir.1993) ("Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."). As noted above, in order to warrant release, the petitioner must demonstrate "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstances making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S.Ct. 3, 5 (1964) (Douglas, J., in chambers)). Petitioner appears to argue that he may "soon" be released on parole and that this would moot his claim. Even if Petitioner is released from custody while exhausting his claims, however, his claims will not necessarily be moot. This is because "the criminal conviction almost always carries continuing collateral consequences." *Ruggles v. Michigan Dep't of Corr.*, No. 2:08-CV-14706, 2011 WL 1812206, at *7 (E.D. Mich. May 12, 2011). In any event, Petitioner, as with his prior motion, has failed to demonstrate the sort of exceptional circumstances warranting bail.

**Conclusion**

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist

could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

      A Judgment consistent with this Opinion will be entered.


Dated:  March 17, 2017          /s/ Janet T. Neff
                                        Janet T. Neff
                                        United States District Court